Leonard **FORESTA**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 878S168.

Supreme Court of Indiana.

Dec. 29, 1980.

Robert E. Hughes, Indianapolis, Julius Echeles and Carolyn Jaffe, Chicago, Ill., for appellant.

Theo. L. Sendak, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., for appellee.

PIVARNIK, Justice.*

Defendant–appellant Leonard Foresta was charged in Marion Criminal Court with commission of a felony while armed, to–wit: robbery, Ind. Code § 35–12–1–1 (Burns 1975) (Count I); and theft, § 35–17–5–3 (Count II). These charges arose out of the forceful taking of property from a home in Marion County on January 11, 1973. Appellant Foresta was tried to a jury in October, 1977, and convicted on both counts. Thereafter, the court sentenced appellant to a determinate term of eighteen years on Count I and an indeterminate term of one to ten years on Count II.

Appellant Foresta raises three issues for our determination. One of these issues requires a reversal of appellant's convictions and the remand of this case for a new trial. We shall also proceed to dispose of those other questions which may arise upon a retrial of this cause.

I.

■ Appellant challenges the trial court's failure to read the final instructions to the jury. In several recent cases, all of which

were tried by this trial judge, we have found this practice to constitute reversible error. Drake v. State, (1979) Ind., 393 N.E.2d 148, 149; Williams v. State, (1978) 269 Ind. 430, 431, 381 N.E.2d 458; Purdy v. State, (1977) 267 Ind. 282, 289, 369 N.E.2d 633, 636. See Cameron v. State, (1979) Ind., 383 N.E.2d 1039, 1040, appeal after remand, Ind., 412 N.E.2d 1194. These cases adequately discuss this issue. The judgment of the trial court shall be reversed, and this cause remanded for a new trial.

II.

■ Appellant Foresta also alleges two errors occurred in the jury selection process. First, he claims the court erroneously placed a twenty–minute time limit on counsels' voir dire of the prospective jurors. Clearly, there was no error in placing this restriction on the selection process. Lynn v. State, (1979) Ind., 392 N.E.2d 449, 451; Roberts v. State, (1978) 268 Ind. 127, 130, 373 N.E.2d 1103, 1106. Second, appellant argues the trial court erred in refusing to excuse one of the jurors for cause, due to the fact that the juror had been the victim of a violent crime. However, the record reveals that defense counsel failed to exhaust his peremptory challenges, and thus could have had this juror removed automatically through this procedure. His failure to do so constitutes a waiver of any error occasioned by the trial court's refusal to excuse the juror for cause. Monserrate v. State, (1976) 265 Ind. 153, 352 N.E.2d 721.

III.

■ Appellant also argues he was denied a fair trial by the admission of certain evidence, as well as certain "innuendoes" which were allegedly raised or made during the trial. He contends the court admitted evidence which tended to show that he had committed unrelated crimes. Most of these instances did not, in fact, reveal Foresta's participation in other unrelated crimes. The single incident of which we are aware which made reference to other crimes occurred during the testimony of Foresta's

* This case was assigned to this office for Opinion on November 25, 1980.

cohort, Louis Almeida. This witness explained that he and Foresta had perpetrated several "home invasions" over the years at the direction of a third party. He then proceeded to fully explain how he and Foresta had come to commit the crime in question here. We find the challenged evidence was admissible on the question of the perpetrator's identity. *See Norton v. State*, (1980) Ind., 408 N.E.2d 514, 524; *Pierce v. State*, (1977) 267 Ind. 240, 248, 369 N.E.2d 617, 621. *See also McCabe v. State*, (1979) Ind., 396 N.E.2d 895, 897–98.

Appellant also argues the court erred when, during voir dire, the court allegedly connected the defendant to "organized crime." The record reveals that the court read to the jury a list of witnesses. Among these was a police officer who, the court said, was the head of an "Organized Crime Strike Force." The second incident appellant complains of occurred during the testimony of F. B. I. Agent O'Rourke. When asked about his duties with the F. B. I., O'Rourke indicated that he was assigned to investigate hijackings, major thefts, organized crime and racketeering matters. We find nothing improper or prejudicial in the court's remark nor in the testimony in question. In both instances, the reference served to help identify the witness or explain his qualifications. *See Johnson v. State*, (1978) 268 Ind. 370, 380 N.E.2d 1236.

The judgment of the trial court is reversed, and this cause is remanded for a new trial.

GIVAN, C. J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.