William BRACKENS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 983 S 345.

Supreme Court of Indiana.

July 1, 1985.

Terry A. White, Olsen, Niederhaus & Labhart, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of child molesting, a class C felony, Ind.Code § 35–42–4–3 (Burns 1984 Cum.Supp.), and found to be an habitual offender, Ind.Code § 35–50–2–8 (Burns 1984 Cum.Supp.). The trial court sentenced him to an enhanced term of eight (8) years imprisonment for the child molesting conviction, further enhanced by thirty (30) years by virtue of the habitual offender determination. This direct appeal raises various contentions which we have reordered and restated as the following ten issues.

(1) Whether the trial court erred in refusing to excuse a juror for cause.

(2) Whether the admission of certain evidence of Defendant's prior conduct with the victim violated the rape shield statute as to Defendant, and whether the admission of such evidence was otherwise unduly prejudicial and inflammatory.

(3) Whether the trial court erred in permitting the State to impeach Defendant by introducing evidence of his past convictions during trial for the underlying felony, in that such evidence unduly prejudiced him during the habitual offender phase of the trial.

(4) Whether Defendant is entitled to a new trial because of certain comments made by the trial judge during the proceedings.

(5) Whether the trial court erred in refusing to instruct the jury on battery as a lesser included offense of child molesting.

(6) Whether the trial court erred in honoring the jury's request to rehear the victim's testimony made after it had retired for deliberations.

(7) Whether the trial court erred in admitting prison records demonstrating Defendant's two prior felony convictions.

(8) Whether the trial court erred in admitting expert testimony that Defendant's fingerprints matched those on the prison records.

(9) Whether a comment by the prosecutor during the habitual offender phase of the trial constituted prosecutorial misconduct warranting the declaration of a mistrial.

(10) Whether the trial court erred in utilizing Defendant's prior criminal record as an aggravating circumstance to enhance the sentence for the underlying felony, when these convictions were the basis for an enhanced sentence by virtue of the habitual offender determination.

We find no reversible error and affirm the judgment.

The seven-year-old victim testified that Defendant, her uncle by marriage, exposed himself and caressed her on November 26, 1982. The sufficiency of the evidence to sustain the conviction for child molesting is not challenged. Other facts relevant to specific issues are stated below.

### ISSUE I

Defendant contends that the trial court committed reversible error in refusing to dismiss a prospective juror for cause. The prospective juror stated, during voir dire examination, that he would tend to be prejudiced against a defendant who had been involved in a theft or similar crime. When Defendant challenged this prospective juror for cause the trial court denied the challenge on the grounds that Defendant was charged with child molesting, not a

"theft" crime, and thus the court held that Defendant had not shown that the juror would be prejudiced. Defendant argued that the prospective juror should have been excused for cause inasmuch as Defendant's predicate convictions for the habitual offender count were theft and armed robbery, and then excused the juror by exercise of a peremptory challenge. Defendant now argues that, because the prospective juror should have been excused for cause, Defendant was deprived of a peremptory challenge. He notes that he did use all of his allowed peremptory challenges; but it has not been shown that they had been exhausted at the time of the challenge in issue.

■ Error in the denial of a challenge for cause is waived, if the challenger does not exhaust his peremptory challenges. *Foresta v. State* (1980), 274 Ind. 658, 660, 413 N.E.2d 889, 890; *Sutton v. State* (1957), 237 Ind. 305, 307, 145 N.E.2d 425, 426.

### ISSUE II

Defendant claims that the trial court committed reversible error when it allowed the State to present evidence of his past sexual conduct with the victim. He argues that the introduction of this evidence violated the rape shield statute, see Ind.Code § 35–37–4–4 (Burns 1984 Cum.Supp.), and that such evidence was unduly prejudicial and inflammatory.

■ First, although certain language in the rape shield statute might be construed as preventing the State from introducing evidence of the victim's sexual history with *anyone* prior to the crime charged,[1] the statute's purpose obviously is to protect victims of these crimes, not the accuseds. Accordingly, our courts have held that the rape shield statute, with very narrow ex-

ceptions, prevents introduction of evidence of the victim's sexual history with persons *other* than the defendant, and that evidence of the defendant's prior sexual conduct with the victim is otherwise subject to our well-established commonlaw rules of evidence. *See, Forrester v. State* (1982), Ind., 440 N.E.2d 475, 479; *Knisley v. State* (1985), Ind.App., 474 N.E.2d 513, 515 (*trans. denied*).

■ The evidence of Defendant's prior sexual abuse of the victim here was admissible under the "depraved sexual instinct" rule established by our courts. Although evidence of a defendant's past misconduct generally is inadmissible to establish guilt of the crime charged, evidence of past acts involving or showing a depraved sexual instinct are admissible to establish that a defendant committed a sex crime, and the trial court committed no error in admitting such evidence in this case. *See, e.g., McKim v. State* (1985), Ind., 476 N.E.2d 503, 505, *quoting Grey v. State* (1980), 273 Ind. 439, 445, 404 N.E.2d 1348, 1352; *Knisley,* 474 N.E.2d at 515–16. We also note that the State correctly emphasizes that much of the evidence of Defendant's past conduct with the victim was elicited during Defendant's cross examination of her, rather than during the State's direct examination.

### ISSUE III

■ Defendant argues that the trial court erred when it allowed the State to impeach him, after he had testified in his own defense, by introducing evidence of his past convictions for theft and robbery. He claims that introduction of such evidence during trial on the child molesting charge unduly prejudiced him during the habitual offender phase of the trial which followed his conviction on the child molesting

---

1. Ind.Code § 35–37–4–4 (Burns 1984 Cum. Supp.) provides in pertinent part:

 (a) In a prosecution for a sex crime ...
 (1) Evidence of the victim's past sexual conduct; ...
 (3) Opinion evidence of the victim's past sexual conduct; ...

 (5) Reputation evidence of the victim's past sexual conduct; ...
may not be admitted, nor may reference be made to this evidence in the presence of the jury except as provided in this chapter.

charge. He also seems to argue that if such evidence were admissible during the trial on the child molesting count he should have been entitled to empanel a new jury for the habitual offender hearing, or to re-open voir dire examination in order to evaluate the impact of the disclosure of his past convictions. We do not agree with these contentions.

Defendant relies on *Lawrence v. State* (1972), 259 Ind. 306, 286 N.E.2d 830, wherein we held that the habitual offender hearing must be bifurcated from the trial on the underlying felony, because disclosure of a defendant's prior convictions during a trial on both the underlying offense and habitual offender count would prejudice the jury to a defendant's detriment. Thus *Lawrence* held that, as a general rule, the State should not present, during trial on the underlying felony, evidence of prior convictions supporting the habitual offender count to be tried subsequently. Nevertheless *Lawrence*, read in light of later cases, does not aid a defendant where, as here, *he testifies in his own defense* and thereby puts his credibility in issue and thusly entitles the State to impeach his credibility. Theft and armed robbery, the Defendant's prior crimes introduced here, have been held to demonstrate a deceitful, dishonest character bearing upon credibility, and hence evidence of such crimes is admissible for purposes of impeachment under *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210, and its progeny.

Thus, when Defendant took the stand in his own defense during trial on the child molesting charge he "opened the door" to evidence of his past convictions, notwithstanding the pending habitual offender proceeding. *See, Williams v. State* (1981), 275 Ind. 603, 419 N.E.2d 134, 137; *see also Underhill v. State* (1981), Ind., 428 N.E.2d 759, 765.

## ISSUE IV

■ Defendant claims that certain comments by the trial judge during the trial so prejudiced him that he is entitled to a new trial. We do not agree.

Defendant cites us to two of the trial judge's remarks. One obviously was intended to reassure the victim, a child of tender years, while she was testifying. The other was made in the course of sustaining an objection addressed by the State to certain evidence that Defendant was attempting to present during the habitual offender phase of the trial and which the trial judge held, correctly, was not relevant to the issues then before the jury. Not only were these comments relatively innocuous but also the record discloses no objection nor request for any curative measure by Defendant at the time the allegedly prejudicial comments were made. Error not made apparent by appropriate in-trial action is not available on appeal. *See, Marbley v. State* (1984), Ind., 461 N.E.2d 1102, 1107 (Issue IV).

## ISSUE V

■ Defendant claims that the trial court erred in refusing to instruct the jury that they could convict Defendant of battery as a lesser-included offense of child molesting. The trial court properly refused such an instruction because it was not warranted under the evidence.

Evaluating a similar claim this Court recently said:

"In determining whether to instruct the jury that they may return verdicts on lesser-included offenses, the trial court must apply a two-part test. First by examining the statutes defining greater and lesser-included offenses, and the charging instrument, the court determines whether the lesser-included offenses to be instructed are inherently included in the greater charge, or 'factually' included in the charging instrument's allegations of the means by which the greater crime charged allegedly was committed. Second, the court must make a determination of whether, assuming that an offense was committed, the evidence would, *prima facie*, warrant a conviction for a lesser-included offense, or could only warrant a conviction for the principal charge, in which case the

lesser-included offense instructions should not be given. *See, Jones v. State* ((1982), Ind., 438 N.E.2d 972, 974–76; *McNary v. State* (1981), Ind., 428 N.E.2d 1248, 1250–51; *Lawrence v. State* (1978), 268 Ind. 330, 337–38, 375 N.E.2d 208, 212–13; *Roddy v. State* (1979), 182 Ind. App. 156, 175–79, 394 N.E.2d 1098, 1110–1112."

*Henning v. State* (1985), Ind., 477 N.E.2d 547, 550–551. As in *Henning*, the trial court here properly refused the requested lesser-included offense instruction under step 2 of this test.

The victim's testimony revealed that Defendant had sexually molested her. The Defendant testified that he had not committed the charged acts, and denied even having touched the victim the day of the offense. Thus an instruction for battery, i.e. rude and insolent touching by the Defendant, see Ind.Code § 35–42–2–1 (Burns 1979 Repl.), would have been inconsistent with the evidence presented by both the State and the defense and would only have suggested a compromise verdict. It was, therefore, properly refused.

## ISSUE VI

 Defendant argues that the trial court committed reversible error when, during deliberations, it granted the jury's request to rehear the testimony of the victim from the tape made during the trial. The jury foreman had informed the trial judge that the jurors had been unable to agree as to what her testimony had been.

Ind.Code § 34–1–21–6 (Burns Code Ed., 1973), provides:

"After the jury have retired for deliberation, if there is a disagreement between them as to any part of the testimony, or if they desire to be informed as to any point of law arising in the case, they may request the officer to conduct them into court, where the information required shall be given in the presence of, or after notice to, the parties or their attorneys."

*See generally, Ortiz v. State* (1976), 265 Ind. 549, 564–65, 356 N.E.2d 1188, 1197. The trial court's authority to replay parts of the trial testimony after the jurors have commenced deliberations is not unlimited, and in *Shaffer v. State* (1983), Ind., 449 N.E.2d 1074 (Givan, C.J., and Pivarnik, J., dissenting) this Court found reversible error because the trial judge had replayed virtually the entire trial, which consisted of substantially conflicting testimony between material witnesses, after the jury had deliberated for a long period of time. In this case, by contrast, the trial judge replayed only the testimony of the victim after the foreman had informed the trial judge that the jurors had been unable to agree on what her testimony had been. This case is thus more analogous to *Douglas v. State* (1982), 441 N.E.2d 957, 962, where a unanimous Court found no error in the trial court's having replayed the testimony of one witness.

## ISSUE VII

 Defendant claims that the habitual offender finding must be set aside by reason of the trial judge's having admitted into evidence prison records showing his prior convictions, although the records did not include a statement under seal that the keepers of such records at the respective prisons had custody of such records. We find no error. Both State's Exhibits 1 and 2, the records in question, included certified statements by the prison record keepers that they had custody of such records. Ind.Rules of Procedure, Trial Rule 44, provides methods for validating official records which are alternative to other methods. *See, e.g., Mayes v. State* (1984), Ind., 467 N.E.2d 1189, 1195; *Hernandez v. State* (1982), Ind., 439 N.E.2d 625, 630. T.R. 44(A)(1) provides in pertinent part that a record can be validated "by a copy attested by the officer having legal custody of the record or by his deputy." The rule then goes on to provide:

*"Such publication or copy need not be accompanied by proof that such officer has the custody.* Proof that such officer does or does not have custody of the record may be made ... by any public officer having a seal of office and having

official duties in the district or political subdivision in which the record is kept, authenticated by the seal of his office." (Emphasis supplied.)

The rule does not, by its terms, *require* that the record keepers' authority and custody of the records in question be established by a statement under seal. It simply provides a method for proving custody should such proof of custody be required.

Defendant argues, however, that *Bray v. State* (1982), 443 N.E.2d 310, 316, and *Eldridge v. State* (1977), 266 Ind. 134, 138–40, 361 N.E.2d 155, 158–59, *cert. denied* 434 U.S. 928, 98 S.Ct. 412, 54 L.Ed.2d 287, require that records of prior convictions bear a statement under seal attesting the record keepers' authority if the defendant challenges the certification of the records. We do not so read those opinions. Indeed in *Eldridge* Chief Justice Given specifically noted that under T.R. 44(A)(1) "[n]o proof that the officer has custody of the record is necessary, although it is permitted." *Id.,* 266 Ind. at 138, 361 N.E.2d at 158. Where, as here, the records are certified by the officer having their legal custody, a statement under seal attesting to the officer's authority is not required under T.R. 44(A)(1).

 As an ancillary argument Defendant suggests that the habitual offender determination is not reliable because the various documents showing his prior convictions were held together by paper clips instead of staples or a more "stable" fastener. However, several of the documents in each exhibit include Defendant's name, charge, date of conviction or similar information pertaining to this Defendant's record. There is no merit to this argument in this case.

### ISSUE VIII

Defendant claims that the trial court erred in admitting testimony from an expert witness that Defendant's fingerprints matched those on the prison records that disclosed his prior convictions. He argues that the expert's testimony should not have been admitted inasmuch as there had been no showing that the expert had received ongoing training in fingerprint analysis. The expert did, however, have about eighteen (18) years experience in the area.

 ██ The determination of whether a witness is qualified to give expert testimony generally is left to the sound discretion of the trial court, reversible only for an abuse thereof. *See, e.g., Norton v. State* (1980), 273 Ind. 635, 651–52, 408 N.E.2d 514, 526–27, and authorities cited; *see also, Martin v. Roberts* (1984), Ind., 464 N.E.2d 896. In light of the expert's long experience in analyzing and comparing fingerprints, it can not be said that the trial court abused its discretion in admitting this testimony. Defendant's argument goes to the weight of the evidence, not its admissibility.

### ISSUE IX

Defendant contends that a comment made by the prosecutor, during the habitual offender phase of the trial, constituted prosecutorial misconduct for which a mistrial should have been declared.

During the State's final argument on the habitual offender phase of the trial, the following exchange occurred:

> "[D]efendant is a persistent repeat offender, has had three felonies within the last nine years and I can assure you that if either of Mr. Bracken's (sic) convictions had been set aside or he had been pardoned we would not be here today, but that is not the case.
>
> MR. WHITE: Judge, I am going to have to OBJECT to that. That is a closing argument to facts not in evidence.
>
> MR. THOMAS: So was his.
>
> COURT: Objection is SUSTAINED. The jury is admonished to disregard the comments about pardoned."

Defendant made no further objection and did not move for mistrial. Nevertheless, he now argues on appeal that a retrial of

the habitual offender determination was required.

Assuming the comments complained of were improper, Defendant made no motion for a mistrial, hence the issue is not available on appeal. *See, e.g., Holt v. State* (1984), Ind., 463 N.E.2d 466, 470; *see generally Hossman v. State* (1985), Ind. App., 473 N.E.2d 1059, *on rehearing* 475 N.E.2d 1197, (*trans. pending*).

### ISSUE X

Defendant contends that the trial court erred in utilizing his prior convictions as a basis for enhancing the sentence for the child molesting conviction, inasmuch as the same prior convictions formed the basis of the habitual offender charge. We first note that this Court previously has considered virtually identical contentions, and determined the issue adversely to Defendant's position. *See, e.g., Kalady v. State* (1984), 462 N.E.2d 1299, 1305; *Griffin v. State* (1981), 275 Ind. 107, 415 N.E.2d 60, 68–70. Furthermore, in sentencing Defendant, the trial court listed as aggravating factors not only Defendant's prior criminal record, but also the victim's age of seven years, the necessity for her psychiatric treatment occasioned by Defendant's abuse of her, Defendant's status as a parolee at the time of this offense, and that he was in need of correctional or rehabilitative treatment best provided at an institution. The record supports these aggravating factors, and we can not say that an eight-year executed sentence enhanced by the habitual offender determination is manifestly unreasonable, in light of the nature of this crime and the character of the Defendant. See Rule 2 of the Ind.R. App.Rev.Sen.

The judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER and PIVARNIK, JJ., concur.

HUNTER, J., not participating.