**Jeffrey L. SETTLE, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 20S00–8707–CR–653.**

Supreme Court of Indiana.

Aug. 12, 1988.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Escape, a Class C felony, for which he received a sentence of eight (8) years, Criminal Deviate Conduct, a Class A felony, for which he received a sentence of fifty (50) years, and Child Molesting, a Class A felony, for which he received a sentence of fifty (50) years. The two fifty (50) year sentences were to run concurrently with one another and the eight (8) year sentence was to run consecutive to the fifty (50) year sentences.

The facts are: The mother of the 8–year-old victim in this case testified that on the morning of October 31, 1986, she left for work at approximately seven o'clock. Her daughter had been instructed that as soon as she awakened she was to go to a neighbor's house where she was to remain until her mother came home. The mother returned home about noon and found a doll she had not seen before. She located her daughter playing with some friends. Shortly thereafter the child left to spend the weekend with her father in South Bend.

Upon returning home Sunday, the child reported to her mother that she had been sexually molested the previous Friday morning. She reported that the molester had performed cunnilingus on her, had required her to perform fellatio on him, and had raped her. She told her mother that after appellant left he returned and brought her the doll which her mother had found on Friday.

On Monday morning, while driving in the neighborhood with her mother, she reported that a man standing on the sidewalk was her molester. Later, at the police station, the child was shown various photographs. She at first identified a photograph of a man other than appellant as that of her molester, but after further examination of photographs she identified appellant.

Police called appellant and asked him to come to the police station to discuss the subject. When he arrived at the police station, he was informed that he was under arrest for rape. He asked to call his lawyer, which he was permitted to do. Following a telephone conversation with the lawyer, as he started to accompany a police officer to another portion of the building, he suddenly jumped over a chair and started to flee. However, he was grabbed by another police officer who then lost his balance and grip on appellant. Appellant left the building and was pursued for a few blocks before being captured by the police.

Appellant claims the evidence is insufficient to support the elements of escape. He claims he was not in police custody at the time he left the building. He points out that the police had called him, and he had voluntarily come to the police station. He claims that because no policeman had hold of him and he was not in handcuffs or a cell, he could not be considered to be in custody. However, the testimony of the police officers was that he had been told that he was under arrest for rape.

Appellant's action in leaving the building would indicate that he believed himself to be in custody. He did not simply attempt to walk out the door but jumped over a chair and attempted to run. He physically broke loose from the police officer who grabbed him in an attempt to keep him from leaving. When he left the building,

he did not quietly walk away but ran until he was out of breath and could run no more.

There is clearly an abundance of evidence in this record to support the conviction of the escape under Ind.Code § 35–44–3–5(a) and Ind.Code § 35–41–1–18 which define "lawful detention." The testimony of the police officers clearly demonstrates that appellant was in fact in custody. *Armstrong v. State* (1982), Ind., 429 N.E.2d 647. *See also Utley v. State* (1972), 258 Ind. 443, 281 N.E.2d 888, where this Court fully discussed the term "custody" and distinguished between "actual custody" and "constructive custody."

■ Appellant claims the trial court erred in permitting evidence of his prior uncharged sexual acts. Appellant claims the prior acts did not meet the depraved sexual instinct exception to the prohibition against showing of prior criminal acts. However, appellant is mistaken in this regard. The State presented evidence to show that appellant had molested three children other than the victim in this case, ranging in age from 2 to 14 years, and that in each instance his molestation included cunnilingus on the children.

Ind.Code § 35–41–1–9 defines deviate sexual conduct as an act involving "a sex organ of one person and the mouth or anus of another person...." Such evidence is admissible to show the depraved sexual instinct of the defendant in a case of child molesting. *Brackens v. State* (1985), Ind., 480 N.E.2d 536; *Jarrett v. State* (1984), Ind., 465 N.E.2d 1097. Appellant claims this evidence was inadmissible because there had been contact with the three children on prior occasions; he had no substantial prior contact, however, with the alleged victim in this case. He cites *Penley v. State* (1987), Ind., 506 N.E.2d 806, 809 n. 1 to support his contention. However, we do not interpret the court's language in this instance as supporting appellant. The footnote merely holds that evidence of "depraved sexual instinct" may be shown to demonstrate a common scheme to make a determination of guilt or innocence of the act charged. In the body of the opinion,

the language under which the footnote appears merely states that the repeated commission of similar acts is not enough but that the acts must be so similar, unusual, and distinctive as to earmark them as acts of the accused. This was done in the case at bar.

■ Appellant also claims that the testimony of the witnesses did not demonstrate prior acts of sodomy by appellant. He states they merely showed acts of cunnilingus. He claims these acts showed behavior which deviated from the norm, yet did not sink to the level of depraved sexual instinct. Appellant cites no authority for his contention nor do we find it tenable. Cunnilingus is a form of sodomy. *Connell v. State* (1938), 215 Ind. 318, 19 N.E.2d 267. As above pointed out, it also fits the statutory definition of deviate sexual conduct. Certainly when acts of this type are performed upon children they constitute depraved sexual instinct. *Brackens, supra.* The trial court did not err in permitting evidence of appellant's former molestation of children.

Appellant claims the trial court erred in allowing two witnesses to testify regarding their perception of whether the victim was telling the truth. This Court has held that it is improper for a witness to testify that another witness's testimony is truthful. *Head v. State* (1988), Ind., 519 N.E.2d 151. However, in the *Head* case we recognize that it is entirely proper for an expert witness to state an opinion as to the general competence of a child witness and that child's ability to understand the subject.

■ In the case at bar, the expert testimony of Paul Godshall was to the effect that in his opinion the victim's perception of reality was accurate. He did not undertake to pass upon whether the child had told the truth in her testimony. A school teacher, Jill Szyarto, testified concerning her observations of the victim, who was her student. She testified that the child was aware of what was going on in the classroom and often answered questions correctly. She made no attempt to pass upon the truthfulness of the child's testimony in the case at bar. The testimony of neither

witness transcended the prohibition set forth in *Head, supra.*

■ Appellant claims his trial counsel was ineffective in that he failed to call Gladys Settle, the grandmother of appellant, as a witness. He contends that had she been called she would have testified that the victim first identified her assailant as having green eyes and wearing a leather jacket, whereas appellant had brown eyes, and Gladys Settle would have testified that he did not wear a leather jacket on that day. The evidence that the child had first identified another person's photograph as that of her assailant but later chose the photograph of appellant was clearly placed before the jury in open court. In court the child was unequivocal in her identification of appellant as her assailant.

■ Appellant further claims that his lawyer was guilty of misconduct in that he "stipulated" that there was no issue of identification. However, this occurred during the testimony of Detective Endler, who had been present when the child at first made a misidentification. When the State pursued Endler's testimony in detail concerning how the child identified appellant, appellant's attorney merely stipulated that the child had previously identified appellant in the presence of the jury. Counsel for appellant did not stipulate that appellant was the perpetrator of the crime, in fact he had diligently pursued an alibi defense and had obtained an instruction thereon.

It is obvious from this record that counsel's so-called stipulation was merely an attempt on his part to halt testimony which was in a sense repetitious and which was emphasizing the fact that the child had identified appellant as her assailant. Such action on the part of counsel is not improper, but is in fact proper handling of the situation under the circumstances. There is nothing in this record to indicate that appellant's counsel failed to meet the standards set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

The trial court is affirmed.

DeBRULER and PIVARNIK, JJ., concur.

SHEPARD, C.J., and DICKSON, J., concur in result without separate opinion.