Nina MERRITT, Individually and as Next Friend and Natural Mother of Kristin Alexander, and Kristin Alexander Individually, Appellant–Plaintiff,

v.

EVANSVILLE–VANDERBURGH SCHOOL CORPORATION, Appellee–Defendant.

No. 82A01–9912–CV–421.

Court of Appeals of Indiana.

Sept. 8, 2000.

Stephen Hensleigh Thomas, Daniel A. Barfield, Gerling Law Offices, P.C., Evansville, Indiana, Attorneys for Appellant.

Shannon L. Robinson, Kelley, Belcher & Brown, Bloomington, Indiana, Attorney for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Nina Merritt and her daughter (collectively "Merritt") appeal the judgment in favor of the defendant, Evansville–Vanderburgh School Corporation ("EVSC") in their suit related to injuries sustained on a school playground. We reverse.

### Issue

The sole issue for our review is whether the trial court erroneously denied Merritt's challenges for cause of two prospective jurors who were employees of EVSC.

### Facts

On October 3, 1996, Merritt fell off the monkey bars on the school playground, sustaining a fracture to her arm. Merritt later sued EVSC, alleging that it failed to maintain an adequate protective surface on the playground to prevent this type of injury.

Among the venire of prospective jurors for the trial were two employees of EVSC. These prospective jurors included Cynthia Carneal, a vice-principal at an elementary school other than the one Merritt attended, and Susan Harp, a teacher at yet another elementary school. During voir dire, Carneal stated that she had worked with Thomas Bennett, the principal of the school where the incident occurred,[1] in summer school. Harp stated that she had known Bennett for approximately twenty years and that she taught kindergarten with Bennett's wife.

The panel also included Sharon Kennedy, who stated that she lived in the same neighborhood as Bennett, that their daughters were in the same class, that Bennett's wife was her daughter's cheerleading coach, and that Bennett's nephew was her son's college roommate. Steven Bender, who was also on the panel, stated that he believed there was too much litigation and that he did not like advertisements for personal injury cases.

Following the questioning of the prospective jurors, Merritt challenged Harp and Carneal for cause based upon their employment relationship with EVSC, as well as Kennedy based on her family's acquaintance with Bennett. The trial court denied all of the challenges. Thereafter, Merritt used peremptory strikes to excuse Carneal, Kennedy, and Bender from the jury panel. Harp was seated on the jury and ultimately became the foreperson.

### Analysis

The sole issue before us is whether the trial court erroneously denied Merritt's challenges for cause of the two prospective jurors who were employees of EVSC. Merritt contends that Harp and Carneal were "impliedly biased and/or biased as a matter of law because they were employed by the defendant, EVSC." Appellant's Brief p. 7. We agree.

The grant or denial of a challenge to a juror is within the discretion of the trial court. *Jackson v. State*, 597 N.E.2d 950, 960 (Ind.1992). On appeal, the trial court's decision will be reversed only if the decision is illogical or arbitrary. *See id.* A biased juror must be removed. *Threats v. State*, 582 N.E.2d 396, 398 (Ind. Ct.App.1991). A juror's bias may be actual or implied, which may be presumed from the juror's relationship with one of the parties. *Jackson*, 597 N.E.2d at 960. Implied bias is bias attributable by law to a prospective juror upon a finding of a

---

1. Bennett was the representative of EVSC at trial and testified during the defense's case-in-chief.

certain relationship, regardless of actual partiality. *Smith v. State,* 477 N.E.2d 311, 313 (Ind.Ct.App.1985); *Threats,* 582 N.E.2d at 398.

Our courts have inferred bias on the part of relatives of persons employed by the prosecutor's office, finding them incompetent to serve. *See Haak v. State,* 275 Ind. 415, 417 N.E.2d 321 (1981); *Barnes v. State,* 263 Ind. 320, 330 N.E.2d 743 (1975). We have described this presumption of bias as resting upon the assumption that "a deputy prosecutor, by virtue of his employment, would identify so strongly with the interests of the State he would be unable to fairly adjudge its case against a defendant." *Smith,* 477 N.E.2d at 314. Our Supreme Court long ago stated that "it is almost impossible, however incorruptible one may be, not to bend before the weight of interest; and the power of employer over employee is that of him who clothes and feeds over him who is fed and clothed." *Block v. State,* 100 Ind. 357, 1885 WL 4222 (1885).

■ Harp and Carneal are employed by EVSC. Although neither of them works in the school where the incident took place and neither is supervised by Bennett, they do ultimately answer to the school board, the superintendent, and other school officials who are the decision makers for EVSC. They are a teacher and administrator in the school system that has a direct pecuniary interest in the outcome of this case. These relationships are close enough for bias to be presumed, even though both Harp and Carneal testified that they could be impartial.[2] *See Threats,* 582 N.E.2d at 398 (stating that implied bias is attributable by law based on a certain relationship, regardless of actual partiality). Although we are confident that Harp and Carneal intended to be objective and impartial, we are nonetheless concerned about their ability to do so given the fact that they are employed by EVSC. It would be virtually impossible for that relationship not to influence their evaluation of the merits of the case, even if they intended for it not to. Therefore, the trial court should have granted Merritt's challenges for cause of Harp and Carneal.

■ EVSC raises the argument that Merritt waived review of this issue. Specifically, EVSC contends that Merritt waived any issue with respect to Harp because she did not use a peremptory strike to remove Harp from the jury panel. In addition, EVSC argues that because Merritt did strike Carneal peremptorily, she has failed to demonstrate any prejudice resulting from the denial of her challenge for cause. We agree that peremptory challenges must generally be exhausted at the time a challenge for cause is made for a party to preserve any error in the denial of the challenge for cause. *See, e.g., Vaughn v. State,* 559 N.E.2d 610, 614 (Ind. 1990); *Brackens v. State,* 480 N.E.2d 536, 539 (Ind.1985). We also agree that Merritt could have used a peremptory strike to remove Harp from the jury panel to properly preserve any error with respect to her on appeal. We further recognize that normally Merritt would have suffered no harm from the trial court's failure to excuse Carneal for cause because Carneal was not seated on the jury by virtue of the

---

2. We note that although Harp and Carneal testified that they could be impartial and objective, both made comments during the voir dire process that suggest some degree of bias toward EVSC. For example, when asked how she would feel about sitting in judgment of her employer, Harp stated, "Honestly I think a lot of people take advantage of a situation when they think the School Corporation's got a lot of money, I ought to get some of this. You know it was their fault so that tends to bother me a little bit and my colleagues know not to say anything to me about stuff like that ...." Record p. 53. In addition, Carneal stated, "I tend to agree with Mrs. Harp as far as playground incidents, it happens a lot. I'm also School Counselor so I have a lot of dealings with a lot of incidents at that school. I would have a, probably have a hard time going against the School Corporation at this point." Record pp. 53–54. She then stated that she thought this feeling was in part because EVSC was her employer.

fact that Merritt used a peremptory challenge to remove her.

However, we are unwilling to find that Merritt has preserved no error and suffered no prejudice under the circumstances of this case. Our review of the cases dealing with waiver in this context revealed that none of them contemplated the circumstances we have before us—i.e., where two jurors were challenged for cause on the same basis and only one was removed by the use of a peremptory strike after the trial court denied the challenges for cause. It seems contradictory to conclude that Merritt waived one error by not striking Harp peremptorily and at the same time waived the other error by striking Carneal peremptorily. We do not believe that the application of both waiver principles in this case would lead to the proper conclusion. Merritt did use all of her peremptory strikes. If Merritt had used one of the strikes to remove Harp, then either Kennedy or Bender would have remained on the jury.[3] This predicament generates sufficient prejudice to overcome a waiver argument because Merritt ultimately had four jurors she wanted to remove but only three peremptory strikes. *Cf. Shane v. State,* 615 N.E.2d 425, 427 (Ind.1993) (finding no prejudice where appellant did not claim that the use of the peremptory challenge to remove a juror who had been challenged for cause precluded him from challenging another juror who was later seated but stating issue might have been presented if the appellant had been forced to accept a juror because no peremptory challenges were left). As a consequence, Merritt was placed in an untenable position by the trial court's rulings on her challenges for cause.

## Conclusion

The trial court should have granted Merritt's challenges for cause of Harp and Carneal because of the implied bias stemming from their employment relationship with EVSC. Under the circumstances of this case, we do not find that Merritt waived this error. Therefore, we reverse the judgment.

Reversed.

ROBB, J., concurs.

SHARPNACK, C.J., dissents.

SHARPNACK, C.J., dissenting.

I respectfully dissent. I cannot agree that there is no waiver here. Plaintiff had peremptory challenges available to remove each of the two jurors she contends were biased as a matter of law. She used one peremptory challenge to remove one of those two. The other two peremptory challenges were used to remove two jurors that were apparently not subject to challenge for cause. Rather, they were removed for those subjective notions or instincts that lead trial advocates to de-select certain jurors.

Our supreme court has repeatedly held that where, as here, the trial court rejects a party's challenge for cause, and the party has not exhausted his or her peremptory strikes at the time that the challenge for cause is made, any claim regarding the rejection of the challenge for cause is waived for appellate review. *See Brackens v. State,* 480 N.E.2d 536, 539 (Ind.1985); *Foresta v. State,* 274 Ind. 658, 660, 413 N.E.2d 889, 890 (Ind.1980); *Monserrate v. State,* 265 Ind. 153, 157, 352 N.E.2d 721, 723 (Ind.1976). Consequently, I conclude that where a trial court may have erred in denying a party's challenge for cause, and the party can cure such error by peremptorily removing the apparently biased venireperson, the party should do so in order to ensure a fair trial and an efficient resolution of the case. *See Foresta,* 274 Ind. at 660, 413 N.E.2d at 890 (noting that "the record reveals that defense counsel failed to exhaust his peremptory challenges, and

**3.** This is assuming, of course, that EVSC did not use peremptory strikes against them as well.

thus could have had this juror removed automatically through this Procedure").

Plaintiff asserts that such a rule places her in a "Catch–22" situation because if she had used a peremptory strike to remove a juror from the panel, then any error on the trial court's part would have been cured. Appellant's Brief, p. 13. She is correct that any error would have been cured, and that is precisely the point: Plaintiff could have corrected a possible error by the trial court and chose not to do so. There is no good reason to allow a party to hold an ace for reversal in the event of an unfavorable result by allowing the trial to proceed without removing a legally unqualified juror as could have been done. A party cannot excuse jurors who are otherwise qualified and keep a juror who is not qualified and thereby obtain reversal for denial of a challenge for cause.

I think this is a clear case of waiver and I would affirm.