**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



APPELLANT PRO SE:

**JOSEPH RUSHING**
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JUSTIN F. ROEBEL**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JOSEPH RUSHING, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 27A02-1201-PC-91 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE GRANT SUPERIOR COURT
The Honorable Dana J. Kenworthy, Judge Pro Tempore
Cause Nos. 27D02-0409-FA-121, 27D02-1110-PC-295

**December 31, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

Joseph Rushing, *pro se*, appeals the post-conviction court's denial of his petition for post-conviction relief. Rushing raises one issue which we revise and restate as whether Rushing was denied the effective assistance of appellate counsel.[1] We affirm.

The relevant facts as discussed in Rushing's direct appeal follow:

> On the afternoon of July 2, 2004, R.B. ("Mother") went to Rushing's house with her boyfriend, Derek Rushing ("Derek"), her two daughters, L.B. and A.B., and her young cousin. Mother, Derek and Rushing consumed beers and smoked marijuana while the children were playing. In Rushing's house there were three bedrooms in a row on the ground floor. The children fell asleep in the middle bedroom. Rushing then led Mother and Derek to his bedroom at the back of the house for them to sleep there for the night.
>
> After Rushing left the back bedroom, Mother sat on the bed for a moment. She then went to check on the girls, who were still sleeping in the middle bedroom. L.B. was no longer in the middle room, so Mother went to look for her. She found L.B. on the floor in the room where Rushing was supposed to be sleeping with her legs spread apart and Rushing's head in her crotch. Mother testified she heard "licking sounds" and saw Rushing's tongue touch L.B.'s vagina.

Rushing v. State, No. 27A02-0602-CR-75, slip op. at 2 (Ind. Ct. App. September 6, 2006).

On September 21, 2004, the State charged Rushing with six counts of child molesting, four as class A felonies and two as class C felonies. Id. The alleged victims

---

[1] In his statement of issues, Rushing raises the issue of whether the post-conviction court failed to issue findings of fact and conclusions of law. However, he does not address this issue in the argument section of his brief. Also, at one point in the argument section, Rushing states that he "can prove that his trial counsel was ineffective," but the basis of his argument and the heading of his argument section focus on the assistance of his appellate counsel, and Rushing does not develop any argument related to his trial counsel. Consequently, Rushing has waived these issues. See Smith v. State, 822 N.E.2d 193, 202-203 (Ind. Ct. App. 2005) ("Generally, a party waives any issue raised on appeal where the party fails to develop a cogent argument or provide adequate citation to authority and portions of the record."), trans. denied; Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning. Each contention must be supported by citations to the authorities, statutes, and the Appendix or parts of the Record on Appeal relied on, in accordance with Rule 22.").

were L.B., age 4, and A.B., age 3. Id. On July 7, 2005, the State filed Count VII, an habitual offender enhancement. Id. At a hearing on September 26, 2005, the State conceded that the two alleged victims would not be competent witnesses at trial. Id. at 2-3. Therefore, the State dismissed all but Count I. Id. at 3.

A jury found Rushing guilty of child molesting as a class A felony, and the court sentenced Rushing to fifty years. Id. On direct appeal, Rushing argued that there was insufficient evidence presented at trial to support his conviction. Id. Specifically, Rushing argued that the rule of incredible dubiosity applied because Mother's testimony was inherently implausible because the acts she described could not have been performed in a matter of seconds as she had testified. Id. at 3-4. This court concluded that the evidence presented was not so incredibly dubious or inherently improbable that no reasonable person could believe it and affirmed Rushing's conviction. Id. at 4-5.

On June 17, 2010, Rushing filed a *pro se* petition for post-conviction relief alleging that he received ineffective assistance of trial counsel on numerous grounds. On September 26, 2011, Rushing filed an amended *pro se* petition for post-conviction relief and alleged that his appellate counsel was ineffective in submitting the issue of insufficient evidence on direct appeal because "it is clear that Rushing never committed the act of penetration to be convicted of a class A felony." Appellant's Appendix at 26.

On January 9, 2012, the court held a hearing on Rushing's petition. Rushing questioned his appellate counsel with respect to whether there was evidence of penetration at trial. During questioning, Rushing's appellate counsel stated:

> You seem, your questions seem to be asking me to confirm whether there
> was no evidence of penetration. And I won't dispute that. But, what I am

saying there is more than one (1) way under the statute the State can prove or attempt to prove the Class A Child Molesting. . . . [T]he fact that [the State] did not prove penetration is . . . not sufficient to disprove their case. Because they were proceeding under another area of that statute.

Transcript at 8-9.

That same day, the court denied Rushing's petition for post-conviction relief.

Specifically, the court's order stated:

Having heard the evidence and arguments, the Court now makes the following findings and order:

1.    [Rushing] called only one witness, his trial counsel Craig Persinger, in support of his Petition. Attorney Persinger testified that [Rushing's] claimed basis for his Petition was based upon [Rushing's] misunderstanding of the child molesting statute. Attorney Persinger further indicated that a State's witness testified at trial that she observed [Rushing] licking the private parts of the victim. Persinger challenged the veracity and reliability of this witness at trial, but he [sic] jury apparently found her to be credible and convicted [Rushing] of Class A Felony child molesting. Persinger testified that [Rushing's] arguments were also argued, and rejected, on appeal.

2.    [Rushing] essentially argues that the evidence at trial supports only a Class C Felony child molesting charge, and not a Class A Felony child molesting charge. However, this argument is based upon [Rushing's] misunderstanding of the law, and as such is not a valid basis for post-conviction relief. Further, the evidence presented at trial was sufficient to support the jury's finding of guilt of the Class A Felony child molesting charge.

3.    [Rushing] presented no evidence to support his other claims as stated in his Petition for Post-Conviction Relief.

Appellant's Appendix at 29.

Before discussing Rushing's allegations of error, we note that although Rushing is proceeding *pro se*, such litigants are held to the same standard as trained counsel and are required to follow procedural rules. <u>Evans v. State</u>, 809 N.E.2d 338, 344 (Ind. Ct. App.

4

2004), trans. denied. We also note the general standard under which we review a post-conviction court's denial of a petition for post-conviction relief. The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Fisher v. State, 810 N.E.2d 674, 679 (Ind. 2004); Ind. Post-Conviction Rule 1(5). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. Fisher, 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. Id. Further, the post-conviction court in this case entered findings of fact and conclusions thereon in accordance with Indiana Post-Conviction Rule 1(6). Id. "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error – that which leaves us with a definite and firm conviction that a mistake has been made." Id. In this review, we accept findings of fact unless clearly erroneous, but we accord no deference to conclusions of law. Id. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. Id.

The issue is whether Rushing was denied the effective assistance of appellate counsel. When evaluating an ineffective assistance of counsel claim, we apply the two-part test articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). See Helton v. State, 907 N.E.2d 1020, 1023 (Ind. 2009). Ineffective assistance of appellate counsel claims fall into three categories: (1) denial of access to an appeal; (2) waiver of issues; and (3) failure to present issues well. Bieghler v. State, 690 N.E.2d 188, 193-95 (Ind. 1997) (citing Lissa Griffin, *The Right to Effective Assistance of Appellate*

5

*Counsel*, 97 W. VA. L. REV. 1, 21-22 (1994)), reh'g denied, cert. denied, 525 U.S. 1021, 119 S. Ct. 550 (1998). Rushing raises a claim under the second category.

To prevail on a claim about appellate counsel's failure to raise an issue, the first prong of the Strickland test requires Rushing to show from the information available in the trial record or otherwise known to appellate counsel that appellate counsel failed to present a significant and obvious issue and that this failure cannot be explained by any reasonable strategy. Carter v. State, 929 N.E.2d 1276, 1278 (Ind. 2010). We "consider the totality of an attorney's performance to determine whether the client received constitutionally adequate assistance." Bieghler, 690 N.E.2d at 194.

In Bieghler, the Court approved the two-part test used by the Seventh Circuit to evaluate these claims: (1) whether the unraised issues are significant and obvious from the face of the record; and (2) whether the unraised issues are "clearly stronger" than the raised issues. Id. (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986)). The Indiana Supreme Court has also said that "to prevail on a claim of ineffective assistance of appellate counsel, 'a defendant must show from the information available in the trial record or otherwise known to appellate counsel that appellate counsel failed to present a significant and obvious issue and that this failure cannot be explained by any reasonable strategy.'" Timberlake v. State, 753 N.E.2d 591, 606 (Ind. 2001) (quoting Ben-Yisrayl v. State, 738 N.E.2d 253, 260-261 (Ind. 2000), reh'g denied, cert. denied, 534 U.S. 1164, 122 S. Ct. 1178 (2002)), reh'g denied, cert. denied, 537 U.S. 839, 123 S. Ct. 162 (2002).

Rushing argues that "[i]f counsel would have did [sic] his research and investigation, talk with [him] prior to raising the sole issue of insufficient evidence,

6

counsel would have discovered that the issue of insufficient evidence would and could have been based on [him] being convicted upon a crime that did not occur, that being a class A felony." Appellant's Brief at 3. Rushing appears to argue that penetration of the female sex organ was required in order to convict him of child molesting as a class A felony.

The State argues that Rushing did not establish that his appellate counsel failed to raise a stronger claim than his proffered claim. The State also argues that child molesting as a class A felony can be proven by either sexual intercourse or acts of deviate sexual conduct. The State is correct.

At the time of the offense, the statute governing child molesting provided:

(a)     A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if:

    (1)     it is committed by a person at least twenty-one (21) years of age;

    (2)     it is committed by using or threatening the use of deadly force or while armed with a deadly weapon;

    (3)     it results in serious bodily injury; or

    (4)     the commission of the offense is facilitated by furnishing the victim, without the victim's knowledge, with a drug (as defined in IC 16-42-19-2(1)) or a controlled substance (as defined in IC 35-48-1-9) or knowing that the victim was furnished with the drug or controlled substance without the victim's knowledge.

Ind. Code § 35-42-4-3 (2004) (subsequently amended by Pub. L. No. 216-2007, § 42, eff. July 1, 2012). Deviate sexual conduct was defined as "an act involving: (1) a sex organ

7

of one person and the mouth or anus of another person; or (2) the penetration of the sex organ or anus of a person by an object." Ind. Code § 35-41-1-9 (2004) (repealed by Pub. L. No. 114-2012, §§ 87 to 102, eff. July 1, 2012).

The relevant statutes provide that as long as certain other requirements are met, which Rushing does not challenge, a conviction for child molesting as a class A felony can be supported by either sexual intercourse or an act involving the sex organ of one person and the mouth of another person, which applies to the present case.[2] See also Settle v. State, 526 N.E.2d 974, 976 (Ind. 1988) (holding that cunnilingus fits the statutory definition of deviate sexual conduct); Broude v. State, 956 N.E.2d 130, 135 (Ind. Ct. App. 2011) (holding that the State presented sufficient evidence that the defendant committed child molesting as a class A felony where the defendant forced the victim to perform oral sex on him), trans. denied. Because Rushing has not demonstrated that this issue was significant and obvious from the face of the record or that the unraised issue was clearly stronger than the raised issue, we cannot say that the post-conviction court erred. See Walker v. State, 843 N.E.2d 50, 60 (Ind. Ct. App. 2006) (holding that the post-conviction court's denial of defendant's claim of ineffective assistance of appellate counsel was not clearly erroneous), reh'g denied, trans. denied, cert. denied, 549 U.S. 1130, 127 S. Ct. 967 (2007).

---

[2] Rushing cites to Spurlock v. State, which held that "[a]lthough a touching is sufficient to support child molesting as a Class C felony . . . evidence of a touching without more does not support a conviction for child molesting as a Class A felony, which requires 'penetration of the female sex organ.'" 675 N.E.2d 312, 315 (Ind. 1996) (quoting Ind. Code § 35-42-4-3(a)). The State argues that Spurlock is not applicable because the State proceeded in the present case under a different provision of the molestation statute. We agree with the State. In Spurlock, the charging information alleged that the defendant performed or submitted to sexual intercourse. 675 N.E.2d at 314 n.1.

For the foregoing reasons, we affirm the post-conviction court's denial of Rushing's petition for post-conviction relief.

Affirmed.

BAILEY, J., and VAIDIK, J., concur.