Elgie SANDERS *v.* STATE of Arkansas

CR 81-51                                    626 S.W. 2d 366

Supreme Court of Arkansas
Opinion delivered January 11, 1982

*Kenneth C. Coffelt,* for appellant.

*Steve Clark,* Atty. Gen., by: *Theodore Holder,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Three defendants, Shells, Thompson, and Sanders, were jointly charged, first, with the aggravated robbery of three police officers, committed with a deadly weapon, and second, with first-degree battery in the shooting of two of the officers in the course of the robbery. Shells entered a negotiated plea of guilty and, as recommended by the prosecutor, received two concurrent 20-year sentences. Thompson and Sanders were tried together before a jury. Thompson was convicted only of the

battery, with a five-year sentence. The appellant Sanders was convicted of both offenses. The court directed that his sentences of 40 years for aggravated robbery and 20 years for first-degree battery run consecutively. This appeal by Sanders comes to us under Rule 29 (1) (b).

Upon conflicting testimony the jury could have found that the three undercover officers, seated in their car, negotiated a purchase of marihuana from Shells and Thompson, who left briefly to get the marihuana. When they returned, accompanied by Sanders, both Shells and Sanders had pistols. Sanders pointed his weapon at an officer and ordered all three to get out of the car. Shots were fired almost at once by both sides, with Sanders and two of the officers being hit. Despite their wounds the officers subdued their assailants and took them into custody. The facts sustain the conviction for aggravated robbery, which as now defined does not require that anything be taken from the victim. Ark. Stat. Ann. § 41-2102 and § 41-2103 and its Commentary (Repl. 1977).

The trial judge correctly allowed the prosecutor to ask the jurors on voir dire whether they could consider the entire range of penalties, the questioning being materially different from the procedure disapproved in *Haynes* v. *State,* 270 Ark. 685, 606 S.W. 2d 563 (1980). The court properly permitted Thompson's earlier written statement to be used to impeach his testimony, after both he and Sanders had testified. *Nelson* v. *O'Neil,* 402 U.S. 622 (1971). Under the ruling in *Nelson* there was no denial of Sanders's right of confrontation or of cross-examination.

Sanders argues that his sentence is so much more severe than those of the other two defendants that he should be granted a new trial. Except in capital cases we do not attempt to compare sentences. The legislature is aware that no two crimes and no two criminals are just alike; so a wide range of punishment is often provided to enable the sentencing judge or jury to select an appropriate penalty. Here there is really very little basis for comparison. Shells cooperated with the prosecution by negotiating a plea and testifying for the State. His negotiated plea did not fix a maximum penalty for

his codefendants, any more than one plaintiff's compromise settlement in a civil case limits a coplaintiff's possible recovery. As to Thompson, the jury could have found that although he was involved in the attempted sale of drugs that led to the shooting, he did not have a weapon and did not actively take part in the attempt to rob the officers. The jury imposed what they doubtless considered to be just sentences, as they were free to do. *Foxworth* v. *State*, 263 Ark. 549, 566 S.W. 2d 151 (1978).

Affirmed.

ADKISSON, C.J., disqualified.