Tad Anthony ISOM *v.* STATE of Arkansas

CR 83-84                                     655 S.W.2d 405

Supreme Court of Arkansas
Opinion delivered July 11, 1983
[Rehearing denied September 12, 1983.]

*Garrett & Harbour,* by: *Richard A. Garrett,* for appellant.

*Steve Clark,* Atty. Gen., by: *Matthew Wood Fleming,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Isom appeals from a verdict and judgment finding him guilty of rape and sentencing him to a 20-year prison term and a $5,000 fine. His six arguments for reversal present no prejudicial error.

The prosecutrix, who was 18 at the time, testified that on the night of March 10, 1982, the defendant Isom, whom she recognized, picked her up on the street with a promise to take her home. When she realized he did not mean to take her home she became frightened, begged him to let her out, and finally jumped from the moving car, suffering painful injuries. She got to her feet and ran toward a house (occupied by the witness Morgan), screaming for help. Isom caught up with her, tied her hands with a belt, and took her to a field behind the Morgan house, where he raped her. After another attempted rape in a cemetery Isom did take the prosecutrix home, but he fled when she at once stated to her stepfather

that Isom had raped her. The police were called, and the girl was taken to a hospital for examination and for treatment of her injuries.

It is first argued that a juror should have been excused for implied bias because he said, in response to a question by defense counsel, that if he were on trial for rape he would want to take the witness stand. That juror was seated as the twelfth member of the jury, with the next venireman being accepted by both sides as the only alternate juror. Without implying that defense counsel's question to the twelfth juror was proper, it is enough for us to say that no error is shown, because the defense used only five of its eight peremptory challenges and was not compelled to take any undesirable juror. *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980).

Second, a few days before trial defense counsel filed an untimely motion which, without asserting any mental incapacity on Isom's part, asked that he be sent to the State Hospital for examination. The trial judge ordered that Isom be examined at a Monticello guidance center. Separate evaluations were submitted by a psychiatrist and a psychologist, both of whom were unusually positive in stating that Isom, age 22, was a normal adult, showed no evidence of any mental disorder, knew the difference between right and wrong, and was very well capable of assisting in his defense. Defense counsel received the reports on the morning of trial and asked for a continuance on the ground that she had not had time to thoroughly review the reports or to question the doctors. Since there was nothing whatever in either evaluation to indicate any mental disease or defect, the trial court did not abuse its discretion in refusing to grant a continuance.

Third, in response to a motion for discovery the prosecutor submitted his entire file to defense counsel. It contained a brief reference to Larry Daniels, without more. On the day of trial the police supplied the prosecutor with a statement taken from Daniels three months earlier. The prosecutor gave a copy to defense counsel, who objected to the State's calling Daniels as a witness. After a brief hearing and after defense counsel had refused the court's offer to

allow her a few minutes to interview Daniels, the trial judge ruled that although the knowledge of the police was imputed to the prosecutor, Daniels would be allowed to testify.

The ruling was right. Daniels's written statement is not in the record, but his testimony was not critical to the State's case. Daniels was a passerby who saw Isom's car parked near the Morgan house, apparently as the rape was about to take place in the field. Daniels testified that he examined the car, because its lights were on and a door was open. He saw a scarf and some rollers in the street and blood stains on the car. He heard a scream from behind the Morgan house. The police, who had received a call reporting a disturbance, arrived and talked to Daniels. They testified to essentially the same facts, except for the scream.

We have held that even when a prosecutor failed to supply information to the defense, the failure was cured by a recess during which defense counsel interviewed the witness. *Hughes* v. *State,* 264 Ark. 723, 574 S.W.2d 888 (1978). Here defense counsel declined the offer of an interview with Daniels and apparently made no effort to interview him when the court in a short time recessed the case from Monday evening until Wednesday morning. Moreover, Daniels's testimony was corroborated by other witnesses and related to facts that were actually undisputed. We do not reverse a case for an irregularity when no substantial possibility of prejudice is shown.

Fourth, Officer Cater was among the witnesses who testified about the chain of custody of a "rape kit," which appears to be a standard package containing envelopes for hair specimens, fingernail scrapings, and other material commonly used in sex crime investigations. Defense counsel asked that the officer's testimony be stricken, because his name had not been supplied in response to a request for discovery. The motion to strike was properly overruled, for it was not made until after the jury had heard the officer's entire testimony on direct, cross, redirect, and recross examination.

A fifth point questions the sufficiency of the chain of custody of the rape kit. There was no real possibility of a substitution, however, for only one kit came from the hospital in Jefferson County during the interval in question. Nor was there any indication of tampering. The trial judge was justified in admitting the kit into evidence. See *Davis* v. *State,* 275 Ark. 264, 630 S.W.2d 1 (1982).

Lastly, because sperm were found in the body of the prosecutrix, defense counsel sought to cross-examine her about how long it had been before the rape when she had last had intercourse with someone else. The court properly refused to allow such cross examination. Proof of that kind is broadly forbidden by the rape-shield statute. Ark. Stat. Ann. § 41-1810.1 (Repl. 1977). No written motion to permit such proof was filed before the trial, nor was there a showing of good cause for the matter having been delayed until the trial was in progress. § 41-1810.2. Complaint is made about the trial court's denial of counsel's request for an interlocutory appeal, but once the jury has been sworn a trial cannot be interrupted to permit such a review. *State* v. *Glenn and Hamilton,* 267 Ark. 501, 592 S.W.2d 116 (1980).

Affirmed.