Willie Prester ANDREWS *v.* STATE of Arkansas

CR 84-77                                                675 S.W.2d 636

Supreme Court of Arkansas
Opinion delivered September 24, 1984

*John L. Kearney,* for appellant.

*Steve Clark,* Att'y Gen., by: *Patricia G. Cherry,* Ass't Atty. Gen., for appellee.

P. A. Hollingsworth, Justice. The appellant was convicted by a jury of aggravated robbery and being a habitual offender, and received a sentence of sixty years imprisonment. This appeal is from those proceedings. The case is before us under Sup. Ct. R. 29 (1) (b).

On August 9, 1983, at approximately 7:00 PM, two employees of the Sears Store in Pine Bluff were leaving work when they heard the burglar alarm ringing. Upon reentering the store, they were confronted by a man wearing a mask who at gunpoint forced them to lie down on the floor. He tied one of the employees' hands with tape and forced that employee to lie down in the freight elevator. The other employee was forced to take the man to the safe. Police officers responding to the burglar alarm arrived at the store and fired a shot at the masked man, who then broke through a plate glass window and fled from the store. He was apprehended across the street from Sears and identified as the appellant by both employees.

Ark. Stat. Ann. § 41-2102 (Supp. 1983) provides that a person commits aggravated robbery if with the purpose of committing a theft or resisting apprehension, he employs or threatens to employ physical force immediately upon another and he is armed with a deadly weapon, or represents by word or conduct that he is so armed. The appellant's conduct fits the statutory definition in that he was in Sears for the purpose of committing theft and he held a gun on the employees, thereby threatening to employ physical force. The fact that the crime was not successful is of no consequence since we have held that nothing need be taken from the victim to sustain an aggravated robbery conviction. *Sanders v. State,* 274 Ark. 525, 626 S.W.2d 366 (1982). The facts present here are substantial evidence to support the charge.

The appellant's second argument is that the evidence presented at trial does not support the severity of the sentence. We have previously stated that "except in capital cases, we do not review the severity of a sentence within the lawful maximum and not affected by error in the trial, that determination having been committed to the jury by

the Constitution and statutes." *Lear* v. *State,* 278 Ark. 70, 643 S.W.2d 550 (1982) and *Kaestel* v. *State,* 274 Ark. 550, 626 S.W.2d 940 (1982). Here the objection to the sentence is not based on an error committed in the trial, but rather is a plea for leniency because the appellant did not actually harm the two employees. The sentence is within the legal maximum set by the legislature.

The appellant next argues that the trial court erred in considering his past charge of burglary and kidnapping as two separate offenses for purposes of the habitual offender statute. After the jury returned a verdict of guilty, the State introduced certified copies of the judgments and commitments in three prior felony convictions: (1) A-27591, United States District Court, Northern District of Georgia (plea of guilty/bank robbery/August 4, 1972); (2) 8-12314, Clayton County Superior Court (plea of guilty/burglary/August 9, 1974); and (3) CR 78-352, Jefferson County Circuit Court (plea of guilty/aggravated robbery/July 13, 1979). Appellant objected to the introduction of the Clayton County conviction because, according to him, the federal robbery and state burglary charges arose out of the same incident.

We have reviewed the record and find it confusing as to whether the two charges arose out of the same incident. However, we need not decide that issue as there is no indication that appellant was prejudiced by the introduction of the convictions. Even assuming that the convictions in A-27591 and 8-12314 should have been considered as one prior conviction, there was clear evidence of *two* prior felony convictions before the court. Thus, the enhanced punishment was authorized under Ark. Stat. Ann. § 41-1001 (1) (Supp. 1983).

The appellant's fourth argument on appeal is that the trial judge erred in refusing to dismiss a juror for cause. During voir dire, one of the jurors revealed that he had been a victim of a robbery two years ago. The appellant asked that the juror be excused for cause, and the trial court refused. The appellant then used one of his peremptory challenges to excuse the juror. The appellant

asserts that he was forced to use a peremptory challenge which he "might properly have used at a different occasion." We have previously held that in order to preserve this issue for appeal, the appellant must have exhausted his peremptory challenges and must state for the record that there is an individual sitting on the jury that he would have stricken if he had another peremptory challenge. *Conley* v. *State*, 270 Ark. 886, 607 S.W.2d 328 (1980). There is no error shown here as appellant's counsel accepted the twelve jurors who were ultimately seated, and he has not shown that the appellant was compelled to take any undesirable juror. *Isom* v. *State*, 280 Ark. 131, 655 S.W.2d 405 (1983).

We affirm.