Nina **MERRITT**, Individually and as Next Friend and Natural Mother of Kristin Alexander, and Kristin Alexander, Individually, Appellants (Plaintiffs Below),

v.

**EVANSVILLE–VANDERBURGH SCHOOL CORPORATION,** Appellee (Defendant Below).

No. 82S01–0102–CV–98.

Supreme Court of Indiana.

April 5, 2002.

Stephen Hensleigh Thomas, Daniel A. Barfield, Evansville, IN, for Appellants.

Shannon L. Robinson, Bloomington, IN, for Appellee.

SHEPARD, Chief Justice.

The question is whether a party who unavailingly challenges a prospective juror for cause and then passes up the chance to use a peremptory to strike that juror may later seek retrial based on the court's failure to grant the challenge for cause. Indiana's historic reply, like that of a good many other jurisdictions, has been "no." After examining the available alternative policies, we conclude that the present rule probably does the most to foster fair trials.

### Facts and Procedural History

On October 3, 1996, six-year-old Kristin Alexander fell off the monkey bars and fractured her arm while playing at the Vogel Elementary School playground in Evansville. Kristin and her mother, Nina Merritt (collectively "Merritt"), sued Evansville–Vanderburgh School Corporation (EVSC) claiming negligence for failure to maintain an adequate protective surface on the playground to prevent such foreseeable injuries. Tom Bennett, Vogel's principal, served as EVSC's representative at trial and testified on its behalf.

During voir dire, Merritt challenged three prospective jurors (Cynthia Carneal, Susan Harp, and Sharon Kennedy) for cause because they had some acquaintance with Bennett and/or worked for the school system. Each had said during earlier examination that she could reach an impartial decision in the case. Apparently satisfied that this was true, the trial judge denied all three challenges.

Merritt used two of her three available peremptories to strike Carneal and Kennedy. She also struck Steven Bender, who expressed general concern about excessive litigation but said he could be fair in deciding the case. Harp served on the jury as the foreperson. The jury returned a verdict in favor of EVSC.

On appeal, Merritt argued that the trial court erred by not dismissing Carneal and Harp for cause based on their employment with EVSC. EVSC argued that Merritt waived this claim by failing to use a peremptory strike to exclude Harp. A divided Court of Appeals addressed the claim on the merits and reversed, finding Harp and Carneal "impliedly biased and/or biased as a matter of law because they were employed by the defendant, EVSC." *Merritt v. Evansville–Vanderburgh Sch. Corp.*, 735 N.E.2d 269, 270, 272 (Ind.Ct.App.2000). We granted transfer. 753 N.E.2d 5 (Ind. 2001).

■ The threshold question here is whether a party can pass up the opportunity to remove an incompetent[1] juror and then assert error on appeal. Because we find the claim of error waived, we do not address whether the trial court erred by not excusing Carneal and Harp.

---

1. We use the term "incompetent" to describe a juror who is removable for cause. We use "objectionable" for a juror who is not removable for cause, but whom a party wishes to strike.

## Challenges for Cause: The Exhaustion Rule

The trial court has discretion to grant or deny challenges for cause. *Woolston v. State*, 453 N.E.2d 965 (Ind.1983). We will sustain the decision on appeal unless it is illogical or arbitrary. *Id.* When a juror serves who should have been removed for cause, the complaining party is entitled to a new trial, absent waiver. *Haak v. State*, 275 Ind. 415, 417 N.E.2d 321 (1981).

As for when such a complaining party is entitled to seek a new trial, a claim of error arising from denial of a challenge for cause is waived unless the appellant used any remaining peremptory challenges to remove the challenged juror or jurors. Indiana's long-standing rule, which the Court of Appeals acknowledged, is also widely recognized in other states.[2]

As we said in *Robinson v. State*, 453 N.E.2d 280 (Ind.1983), "Our law on this issue is well settled. We have consistently held that to preserve any error the defendant bears the burden of demonstrating that *at the time she challenged the jurors for cause*, she had exhausted her peremptory challenges."[3] *Id.* at 282 (emphasis in original) (citing, *inter alia, Rock v. State*, 185 Ind. 51, 110 N.E. 212 (1915)).

Eventual use of all peremptory challenges is therefore not enough to satisfy the exhaustion requirement.

Dissenting in the present case, Chief Judge Sharpnack explained the rationale for this approach: "[W]here a trial court may have erred in denying a party's challenge for cause, and the party can cure such error by peremptorily removing the apparently biased venireperson, the party should do so in order to ensure a fair trial and an efficient resolution of the case." *Merritt*, 735 N.E.2d at 272 (Sharpnack, C.J., dissenting) (citation omitted).[4]

Peremptory strikes "permit litigants to assist the government in the selection of an impartial trier of fact." *Edmonson v. Leesville Concrete Co.*, 500 U.S. 614, 620, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991). In *Ross v. Oklahoma*, 487 U.S. 81, 108 S.Ct. 2273, 101 L.Ed.2d 80 (1988), the U.S. Supreme Court upheld Oklahoma's exhaustion requirement against a federal constitutional challenge, describing peremptory strikes as "a means to achieve the end of an impartial jury" rather than a right of constitutional dimension. *Id.* at 88, 108 S.Ct. 2273. To obtain reversal under Oklahoma law, the appellant must properly preserve the right to challenge the court's failure to remove a biased juror

2. *See State v. DiFrisco*, 137 N.J. 434, 645 A.2d 734, 753 n. 1 (1994), *cert. denied*, 516 U.S. 1129, 116 S.Ct. 949, 133 L.Ed.2d 873 (1996) (citing case law from twenty-two other states, including Indiana, that require the use of peremptories to correct erroneous denials of challenges for cause).

3. Of course, trial court judges take various approaches to jury selection and the timing of challenges for cause and use of peremptories. Some judges require parties to challenge or strike members of a given panel and accept those jurors who remain, then move on to voir dire a second panel if need be. Other judges permit lawyers to go back and strike jurors from panel one even after a second or third group has been interviewed. We take the language from *Robinson*, that a peremptory must be used "at the time she challenged the jurors for cause," to mean that the party must use a peremptory against the challenged juror at whatever moments the trial judge regularly permits peremptory strikes before jury selection is complete.

4. Note that for similar reasons Indiana requires appellants to exhaust their peremptory challenges as a prerequisite to appealing denial of a motion for change of venue. *Grooms v. State*, 269 Ind. 212, 216, 379 N.E.2d 458, 461 (1978), *cert. denied*, 439 U.S. 1131, 99 S.Ct. 1053, 59 L.Ed.2d 93 (1979).

for cause, and the biased juror must actually serve. *Id.* at 85, 108 S.Ct. 2273. The Court found "nothing arbitrary or irrational about [an exhaustion] requirement, which subordinates the absolute freedom to use a peremptory challenge as one wishes to the goal of empaneling an impartial jury." *Id.* at 90, 108 S.Ct. 2273.[5]

Likewise, Justices Scalia and Kennedy recently described the exhaustion rule as consistent with the history of peremptory challenges in criminal cases:

> [I]t may well be regarded as one of the very purposes of peremptory challenges to enable the defendant to correct judicial error on the point [of juror bias]. Indeed, that *must* have been one of their purposes in earlier years, when there was *no appeal* from a criminal conviction—so that if the defendant did not correct the error by using one of his peremptories, the error would not be corrected at all.

*United States v. Martinez–Salazar,* 528 U.S. 304, 319, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000) (Scalia, J., concurring in judgment).

▬ The rule upheld by the U.S. Supreme Court in *Ross* is more stringent than our own practice. In Indiana, it is enough to show that an objectionable juror served because a party was forced to use a peremptory strike to cure an erroneous denial of a challenge for cause. The appellant need not prove that the objectionable juror was incompetent, i.e., one who should have been excused for cause. *See Woolston,* 453 N.E.2d at 968.[6]

It is sound policy to require litigants to help themselves by using their peremptory challenges to ensure an impartial jury. Permitting them to seek a new trial when they had a remedial tool available and chose not to use it could lead to harsh results.

We can contemplate ready examples. Assume a class C felony battery case, where the criminal defendant has ten peremptory challenges to use in selecting a twelve-person jury. After voir dire of the first group of prospective jurors, the hypothetical defendant challenges one juror for cause, claiming, say, bias against arrestees. After that challenge is erroneously denied, the defendant uses all ten peremptory challenges to strike ten other venire members for any of the infinite variety of reasons people use peremptories, from readily

---

**5.** The U.S. Supreme Court recently said in *United States v. Martinez–Salazar,* 528 U.S. 304, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000), that under federal law a defendant is not required to use a peremptory strike to preserve a challenge-for-cause denial claim (although if the defendant chooses to do so, he is not entitled to relief unless a biased juror served). *Id.* at 307, 120 S.Ct. 774. As Judge Richard Posner observed in *Thompson v. Altheimer & Gray,* 248 F.3d 621 (7th Cir.2001), this "put[s] the litigant in a heads-I-win-tails-you-lose position: if he wins a jury verdict, he can pocket his victory, and if he loses, he can get a new trial." *Id.* at 623.

**6.** The various state positions on this issue occupy points along a continuum. For example, New Jersey, like Oklahoma, requires an appellant to show that an *incompetent* juror actually served to prevail on a claim of wrongful denial of a challenge for cause. *See DiFrisco,* 645 A.2d at 753. Arkansas, Florida, and Texas all follow a more lenient approach similar to Indiana's, and require only that the appellant show that an *objectionable* juror served because he used a peremptory strike to correct an erroneous denial of a for-cause challenge. *See Andrews v. State,* 283 Ark. 297, 675 S.W.2d 636, 638 (1984); *Gootee v. Clevinger,* 778 So.2d 1005, 1009–10 (Fla.Dist. Ct.App.2000), *review denied,* 794 So.2d 603 (Fla.2001); *Johnson v. State,* 43 S.W.3d 1, 7 (Tex.Crim.App.2001). Colorado is even more generous, requiring only that the appellant show the use of a peremptory strike to correct an erroneous denial of a challenge for cause and exhaustion of all available peremptories. *See People v. Macrander,* 828 P.2d 234, 244 (Colo.1992).

apparent grounds to the utterly inchoate. The defendant seeks a new trial, citing the generally applicable rule that participation of an incompetent juror in a verdict requires retrial.[7]

While this bright-line rule of reversal is widely embraced, in this example it would create unwarranted costs and inefficiencies for the parties, the court system, and citizen jurors. The exhaustion rule solves this problem by preventing this defendant from complaining on appeal that service by the challenged juror denied him a fair trial. This seems like an eminently fair and more sensible result.

We could avoid retrial in this example by adopting a different rule, such as a case-sensitive analysis of whether the defendant used his peremptory challenges reasonably, or whether that juror's bias resulted in actual, not just potential, prejudice to the defendant.

Such rules would, of course, be slippery slopes. And it seems unlikely the slope would favor persons who deem themselves deprived of a fair trial by the presence of an incompetent juror.

■■■ Surely such parties are better off with a clear and predictable road map:

you must use any available peremptories to correct erroneous denials of challenges for cause. If on appeal you then prove both the erroneous denial and that you were unable to strike another objectionable juror because you exhausted your peremptories, you are entitled to a new trial, full stop.[8]

■■■ "The object to be attained is an impartial jury, and while the right of peremptory challenge is an absolute one, it is not, we think, so far so that it may be exercised under all conditions." *McDonald v. State,* 172 Ind. 393, 400, 88 N.E. 673, 676 (1909).[9] We conclude that Indiana's moderate position—requiring an appellant to show that an incompetent *or* objectionable juror actually served because she used up her peremptories to strike a juror she challenged for cause who should have been, but was not, excused by the court-represents the best balancing of the various private and public interests at stake.

### Applying the Rule

■■■ The exhaustion rule is fatal to Merritt's claim. She had sufficient per-

7. *See, e.g., Block v. State,* 100 Ind. 357, 364–65 (Ind.1885); *Haak v. State,* 275 Ind. 415, 417 N.E.2d 321, 324 (1981); *Berkman v. State,* 459 N.E.2d 44, 46 (Ind.Ct.App.1984).

8. For example, a claim is preserved where a party uses her last peremptory challenge to cure a trial court's erroneous denial of a challenge for cause and establishes for the record that she would have used that peremptory to strike another juror. *See Woolston,* 453 N.E.2d at 968 (prejudice not shown where defendant did not desire to challenge only juror sworn after last peremptory challenge was used to strike another juror for whom challenge for cause denied).

9. It is worth noting that the exhaustion rule is not the only limitation on peremptory challenges. Trial courts may reasonably regulate the manner of exercising the right of peremp-

tory challenges, such as by requiring the opposing parties to exercise challenges simultaneously and independently. *Hart v. State,* 265 Ind. 145, 153, 352 N.E.2d 712, 717 (1976). In civil cases all named plaintiffs may be collectively limited to the number of peremptory challenges allowed by statute to each party, and the same is true for all joined defendants. *See Christensen v. Sears, Roebuck & Co.,* 565 N.E.2d 1103, 1105–07 (Ind.Ct.App. 1991) (citing *Snodgrass v. Hunt,* 15 Ind. 274 (1860)). Similarly, criminal defendants tried jointly may collectively receive only the same number of challenges that defendants tried individually would receive. *See Lund v. State,* 264 Ind. 428, 433, 345 N.E.2d 826, 829 (1976). Like the exhaustion rule, each of these limitations effectively reduces the number of available peremptory challenges.

emptory challenges to strike Carneal and Harp when the trial judge denied her challenges for cause. Had she used peremptory strikes to remove those two, then made a record of her desire and inability to strike both Kennedy and Bender as well, her claim that the trial court erred in denying the challenges for cause would have been available for an appellate decision on the merits. She did not do so, and the claim is waived.

## Conclusion

We affirm the trial court.

DICKSON, SULLIVAN, BOEHM, and RUCKER, JJ., concur.