

ATTORNEYS FOR APPELLANT

Richard A. Cook
Yosha Cook & Tisch
Indianapolis, Indiana

Stephen B. Caplin
Stephen B. Caplin Professional
Corporation
Indianapolis, Indiana

Richard L. Schultheis
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Bryan H. Babb
Mary M. Ruth Feldhake
Sarah T. Parks
Bose McKinney & Evans LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Tammi Clark, as personal representative of the estate of Kandace Pyles, deceased, <br><br> *Appellant-Plaintiff,* <br><br> v. <br><br> Samer Mattar, M.D., <br><br> *Appellee-Defendant.* | October 4, 2019 <br><br> Court of Appeals Case No. 19A-CT-380 <br><br> Appeal from the Marion Superior Court <br><br> The Hon. John Hanley, Judge <br><br> Trial Court Cause No. 49D11-1601-CT-3080 |

**Bradford, Judge.**

# Case Summary

In January of 2016, Tammi Clark, a personal representative of the deceased Kandace Pyles's estate, filed a wrongful death suit against Dr. Samer Mattar, M.D. During *voir dire*, one of the veniremen indicated that he would be unable to sit on a jury asked to determine damages for non-economic loss, which, *inter alia*, Clark was seeking. When the trial court denied Clark's motion to strike the venireman for cause, she used one of her peremptory challenges to remove him, a challenge she later could not use to remove another objectionable juror. The jury returned a verdict for Dr. Mattar, and the trial court entered judgment in his favor. Clark contends that the trial court abused its discretion in denying her for-cause challenge to Miller. Because we agree, we reverse the judgment of the trial court and remand for a new trial.

# Facts and Procedural History

On January 21, 2016, Clark, as personal representative of the deceased Pyles's estate, filed a wrongful death/medical malpractice suit against Dr. Mattar and other healthcare providers. Clark sought, *inter alia*, non-economic damages for lost "services and love and affection[.]" Appellant's App. p. 28. On January 14, 2019, jury selection for Dr. Mattar's trial was conducted. During questioning of the venire by Clark's trial counsel, the following exchange took place with venireman Miller about his ability and/or willingness to return a verdict that took non-economic damages into account:

> [Miller]: So, we have to determine the dollar amount?

[Clark's Trial Counsel]:  Yes, sir.  Assuming there is liability, you would have to determine the dollar amount.

[Miller]:  I don't know if I want any part of that.

[Clark's Trial Counsel]:  Okay.  I'm going to explain.  I appreciate your candor.  Tell me why you are feeling that way.

[Miller]:  I'm just not sure.  I just—I don't think it's my responsibility to determine the dollar amount.

[Clark's Trial Counsel]:  Okay.  So, let me ask this.  The Judge is going to give you instructions, and assuming that you found liability, and you were satisfied by the preponderance of the evidence that there was liability for this, you are also going to have to decide damages.  Are you telling me that you don't feel that you could fulfill your duty on that second part of this?

[Miller]:  I want no part of it.

[Clark's Trial Counsel]:  Okay, and why?

[Miller]:  I just don't feel it is right.  I don't think I should have to do that.

[Clark's Trial Counsel]:  Okay.  Would you be able to take your oath as a juror on that?

[Miller]:  Well, I'm telling you the truth now.

[Clark's Trial Counsel]:  Okay.  No, I understand that.  The reason I'm asking you is, as the Judge said, you know, getting rid of somebody as a juror for cause requires a very heavy burden.  So, I'm asking you, if the Judge asked or the other attorney asked you, are you telling me that you can't sit on a case where you are going to be asked to render a verdict—

[Miller]:  —Based on that question I have to say, no, I can't.

Tr. Vol. II pp. 17–18.

[3]    The following exchange with Miller occurred shortly after the first:

[Miller]:  Are you asking the same question again?

[Clark's Trial Counsel]:  Well, kind of.  I mean, I know, I got your view.  I take it that you just don't want to have anything to do with—

[Miller]: —As far as whether he performed malpractice or not, I can do that. But the money part—no.

Tr. Vol. II. p. 22.

Clark moved to strike Miller for cause, and the trial court denied the motion:

> THE COURT: First of all, you don't ask me that question but I will tell you. If you want to make a record, you can make a record but under Rule 17 of the Indiana Supreme Court[']s Jury Rules it is not cause. He doesn't meet the qualifications for a challenge for cause. He is not disqualified under Rule 5. He hasn't served as a juror in the same county within the previous 365 days. He is not unable to comprehend the evidence and instructions. He hasn't formed or expressed an opinion about the outcome of the case. He is not a member of a jury previously considered this. He is not related to any of the parties, attorney[]s or witnesses. He doesn't have a personal interest in the result of the trial. He isn't biased or prejudiced against a party and he has not be[en] subpoenaed as a witness. So, it is not cause. It is not cause.

Tr. Vol. II pp. 36–37.

Following the trial court's denial of Clark's motion to strike Miller for cause, the following exchange occurred:

> [Clark's Trial Counsel]: I was just going to make a very brief record, Your Honor.
> THE COURT: That's fine.
> [Clark's Trial Counsel]: I appreciate the opportunity.
> THE COURT: I'm sorry. You are going to have to speak up.
> [Clark's Trial Counsel]: Excuse me. My voice is—
> THE COURT: —I understand.
> [Clark's Trial Counsel]: I appreciate the opportunity, Your Honor. I believe that the juror did meet the grounds for cause under Juror Rules 17(A)(8)[…. M]y position [is] that if

you have a juror that tells you that they cannot render a verdict as to any dollar amount that that in fact constitutes prejudice and they can't properly take an oath. As a result of that, I didn't get to use one of my peremptories and I appreciate very much the chance to make a record on it.

[….]

THE COURT: The Supreme Court [of] Indiana Jury Rules on challenge for cause, you are challenging based on 17(A)(8), is that correct?

[Clark's Trial Counsel]: Yes, Your Honor.

THE COURT: It says—

[Clark's Trial Counsel]: —That would be the main one. Yes, Your Honor.

THE COURT: In both civil and criminal cases, parties shall make all challenges for cause before the jury is sworn to try the case whereupon a showing of good cause for the delay before the jury retires. The court shall sustain a challenge for cause if the prospective juror is—and #8 says: is biased or prejudice for or against a party to the case. Mr. Miller, juror #13, did not express bias for or against either party. Mr. Miller stated that he had a problem with assessing damages in the case and I don't believe that meets the standard of bias or prejudice against the parties of the case. So, if you are making an[] objection, Counsel, the objection is overruled.

[Clark's Trial Counsel]: Thank you for the chance to make a record.

THE COURT: Certainly. And if you had the opportunity to exercise another strike?

[Clark's Trial Counsel]: Pardon me?

THE COURT: And if you had the opportunity to exercise another strike?

[Clark's Trial Counsel]: I used all my peremptories.

THE COURT: I understand that.

[Dr. Mattar's Trial Counsel]: But if you hadn't, who would you have struck?

THE COURT: That's the question.

> [Clark's Trial Counsel]: Who would I have struck? I probably—I probably would have struck juror #3.

Tr. Vol. II pp. 39–41. On January 18, 2019, the jury returned a verdict in favor of Dr. Mattar, and judgment in his favor was entered thereon.

# Discussion and Decision

[6] Clark contends that the trial court abused its discretion in refusing to strike Miller for cause because the record establishes that Miller was impermissibly biased or prejudiced against her. Clark also contends that she was prejudiced because she could not use of her peremptory challenges on Juror #3, having used it on Miller. Dr. Mattar contends that the trial court did not abuse its discretion in refusing to strike Miller for cause and that Clark cannot show prejudice in any event.

# I. Abuse of Discretion

[7] 
> A trial court has discretion to grant or deny challenges for cause. *Merritt v. Evansville-Vanderburgh School Corp.*, 765 N.E.2d 1232, 1235 (Ind. 2002). A trial court's decision is sustained on appeal unless it is illogical or arbitrary. *Id.* […] "In both civil and criminal cases the parties shall make all challenges for cause before the jury is sworn to try the case, or upon a showing of good cause for the delay, before the jury retires to deliberate." Ind. Jury Rule 17(a). The trial court shall sustain a challenge for cause if the prospective juror is biased or prejudiced for or against a party to the case. J.R. 17(a)(8).

*Thompson v. Gerowitz*, 944 N.E.2d 1, 7 (Ind. Ct. App. 2011), *trans. denied*. Here, when pressed about whether he could render a verdict on the question of

damages, Miller unequivocally replied that he could not, not that he did not want to or that it would be difficult:

> [Clark's Trial Counsel]: So, I'm asking you, if the Judge asked or the other attorney asked you, are you telling me that you can't sit on a case where you are going to be asked to render a verdict—
> [Miller]: —Based on that question I have to say, no, I can't.
> [….]
> [Miller]: Are you asking the same question again?
> [Clark's Trial Counsel]: Well, kind of. I mean, I know, I got your view. I take it that you just don't want to have anything to do with—
> [Miller]: —As far as whether he performed malpractice or not, I can do that. But the money part—no.

Tr. Vol. II. pp. 17–18, 22.

[8] We have little trouble concluding that a stated refusal to participate in a determination of non-economic damages amounts to bias or prejudice against a plaintiff seeking such damages. Although Miller certainly expressed no bias or prejudice against Clark in particular, his statements would apply to any plaintiff seeking damages for non-economic loss in a lawsuit, a class to which Clark clearly belonged. Put another way, even though Miller's bias or prejudice seems to be against the award of a particular type of damages in a lawsuit, his refusal to consider such damages harms a party seeking them, like Clark. Even though there is no indication that Miller had any particular issue with Clark personally, we conclude that Miller's unequivocal statement that he could not render a verdict on damages in this lawsuit nonetheless amounts to bias or prejudice against her as a party.

[9]     Dr. Mattar argues that Miller's responses during *voir dire* do not amount to a refusal to follow the law, indicating nothing more than discomfort at determining damages. Although it is true that "mere discomfort is not one of the enumerated grounds for removal for cause[,]" *Oswalt v. State*, 19 N.E.3d 241, 250 (Ind. 2014), Miller's responses, as mentioned, went beyond stating mere discomfort, clearly expressing an inability or refusal to follow the law. Moreover, Miller's responses stand uncontradicted, as no attempt (much less a successful one) was made by Dr. Mattar's trial counsel to rehabilitate Miller.

[10]    Dr. Mattar also contends that, as a whole, the record indicates that Miller was, in fact, ready and willing to apply the law impartially. To support this contention, Dr. Mattar notes that, when asked if the "scales [are] level right now[,]" Miller responded, "[t]hey are level now" and stated, "I try to be as fair as I can to everybody." Tr. Vol. II p. 7. Dr. Mattar also notes that when Clark's counsel initially asked the venire, "Is there anybody here that would have difficulty with returning a verdict assuming that we prove both liability and we establish the damages by the greater weight of the evidence[?]", Miller did not respond in the negative. Tr. Vol. II p. 16. All of this, however, occurred *before* Clark's counsel broached the subject of non-economic damages, at which time Miller's viewpoint changed considerably. To the extent that Miller expressed a willingness to follow the law, he did so only until he found out what the law actually *was*, which caused him to unequivocally withdraw that willingness, a position from which he did not waver. Considering the

timing of Miller's expressions of willingness to be impartial and follow the law, they do not help Dr. Mattar.

## II. Prejudice

[11] After using one of her peremptory challenges to strike Miller, Clark indicated that she would have used that challenge, probably to remove Juror #3, had it been available to her. "[W]hen a party exhausts all peremptories and is forced to accept an objectionable or incompetent juror, any erroneous for-cause motion is prejudicial because it deprives the party of a peremptory that could have been used for its time-honored purpose." *Oswalt*, 19 N.E.3d at 249; *see also Whiting v. State*, 969 N.E.2d 24, 30 (Ind. 2012) ("[R]eversible error occurs only where the defendant eventually exhausts all peremptories and is forced to accept either an incompetent or an objectionable juror."). Because Clark was forced to accept the objectionable Juror #3, she has established that the trial court's erroneous denial of her motion to strike Miller for cause was reversible error.

[12] While acknowledging the general rule as laid out in *Oswalt* and *Whiting*, Dr. Mattar contends that Clark has failed to show prejudice in this case because the jury never reached the question of damages. Put another way, Dr. Mattar seems to be arguing that Clark was not prejudiced by any error that might have occurred because she would have lost anyway. Dr. Mattar, however, does not explain how Miller's feelings about damages played any part in the jury's verdict, as Miller was not on the jury, and would not have been in any event. As it happened, the objectionable Juror #3 *was* on the jury as a result of the trial

court's erroneous denial. It may be that the result would have been the same without Juror #3 on the jury, but this is just speculation. Dr. Mattar seemingly would have us create an exception to the prejudice rule in *Oswalt* for parties that lost at trial, which is something we decline to do. Because Clark has established that the trial court abused its discretion in denying her motion to strike Miller for cause and she has demonstrated prejudice pursuant to *Oswalt*, we reverse the judgment of the trial court and remand for a new trial.

[13]   The judgment of the trial court is reversed, and we remand with instructions.


Mathias, J., and Pyle, J., concur.